**STATE of Minnesota, Respondent,**

v.

**Justin Kenneth NORGAARD,
Appellant.**

**A16-1122**

Court of Appeals of Minnesota.

Filed June 5, 2017

Lori Swanson, Attorney General, St. Paul, Minnesota; and Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent).

Justin Kenneth Norgaard (pro se appellant).

Considered and decided by Hooten, Presiding Judge; Reilly, Judge; and Smith, John, Judge.*

## OPINION

SMITH, JOHN, Judge

We affirm appellant Justin Kenneth Norgaard's conviction for driving with an alcohol concentration of 0.08 or more because the district court did not abuse its discretion in admitting evidence of the DataMaster breath-test results.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## FACTS

At approximately 1:37 a.m. on June 18, 2015, Officer Schmitz stopped a speeding vehicle. The driver of the vehicle, Norgaard, told Officer Schmitz that he was coming from a bar and had consumed too much alcohol to be driving. Officer Schmitz placed Norgaard under arrest and read the implied consent advisory, after which Norgaard consented to a breath test. Officer Schmitz used a DataMaster breathalyzer to conduct the breath test. According to the test, Norgaard had an alcohol concentration of 0.13. Norgaard was charged with driving while impaired and driving with an alcohol concentration of 0.08 or more.

Trial took place on January 5, 2016. Norgaard waived his right to a jury trial. Officer Schmitz testified that he administered the breath test with a DataMaster breathalyzer, that he is trained to operate the device, and that he is a certified DataMaster operator. He further explained the limitations of the breathalyzer and how he administers the test. The state introduced the results of the breath test. Norgaard objected, arguing that the state failed to produce evidence regarding the reliability of the DataMaster breathalyzer. The district court took judicial notice of the fact that the commissioner of public safety had approved the DataMaster breathalyzer. Norgaard again objected, arguing that the district court could not take judicial notice in a criminal case. The district court found Norgaard guilty of driving with an alcohol concentration of 0.08 or more.

Norgaard appeals.

## ISSUES

I.  Did the district court err by taking judicial notice that the DataMaster

Minn. Const. art. VI, § 10.

breathalyzer was a breath-testing instrument, approved by the commissioner of public safety?

II. Did the district court abuse its discretion by admitting the results of the DataMaster breath test?

## ANALYSIS

### I. The district court did not err by taking judicial notice that the DataMaster breathalyzer was an approved breath-testing instrument.

Norgaard argues that the district court erred by taking judicial notice that the commissioner of public safety had approved the DataMaster breathalyzer as a breath-testing instrument because judicial notice is inappropriate in criminal cases.

Judicial notice of adjudicative facts is not appropriate in criminal cases. *See State v. Pierson*, 368 N.W.2d 427, 434 (Minn. App. 1985). Adjudicative facts are facts about the parties, their activities, properties, motives, and intent. *In re Guardianship of Doyle*, 778 N.W.2d 342, 348 (Minn. App. 2010) (citing Minn. R. Evid. 201 1989 comm. cmt.). But courts regularly take notice of legislative facts, such as statutes, caselaw, and regulations, in criminal cases. *Id.* "Indeed, judicial notice must be taken of certain types of rules or regulations, such as those that were created pursuant to an agency's statutory authority." *Id.* at 349 (citing *Bunten v. E. Minn. Power Co.*, 178 Minn. 604, 612, 228 N.W. 332, 335 (1929)). The restrictions on judicial notice in criminal cases do not extend to legislative facts. *See United States v. Gould*, 536 F.2d 216, 220-21 (8th Cir. 1976) (concluding that a district court did not err in taking judicial notice that cocaine hydrochloride is a Schedule II controlled substance).

Here, the district court took judicial notice that the commissioner of public safety has approved the DataMaster breathalyzer as an "infrared or other approved breath-testing instrument." Minn. Stat. § 169A.03, subd. 11 (2014); *see* Minn. R. 7502.0425 (2015). Minn. Stat. § 634.16 (2014) permits the admission of any breath test performed by a fully trained individual using an approved breath-testing instrument, "without antecedent expert testimony that [the instrument] provides a trustworthy and reliable measure of the alcohol in the breath." Minn. Stat. § 169A.03, subd. 11, permits the commissioner of public safety to approve the use of breath-testing instruments for determining alcohol concentration. The commissioner of public safety approved the DataMaster breathalyzer pursuant to its statutory authority. Minn. R. 7502.0425. Whether the commissioner of public safety has approved a breath-testing instrument is a legislative fact, not an adjudicative fact subject to the prohibition on judicial notice in criminal cases. *See Doyle*, 778 N.W.2d at 349; *see also Gould*, 536 F.2d at 218-21. The district court therefore did not err in taking judicial notice that the DataMaster breathalyzer has been approved by the commissioner of public safety.

### II. The district court did not abuse its discretion by admitting the results of the DataMaster breath test.

Norgaard argues that the district court abused its discretion by admitting the results of the DataMaster breath test because the state did not provide evidence about the reliability of the device or evidence about the training received by Officer Schmitz.

We review a district court's evidentiary rulings for an abuse of discretion. *State v. Prtine*, 784 N.W.2d 303, 312 (Minn. 2010). The proponent of a chemical or scientific test must establish that the

test "is reliable and that its administration in the particular instance conformed to the procedure necessary to ensure reliability." *State v. Dille*, 258 N.W.2d 565, 567 (Minn. 1977).

Norgaard acknowledges that the results of an "infrared or other approved breath-testing instrument" approved by the commissioner of public safety—such as the DataMaster breathalyzer—are per se reliable under Minn. Stat. § 634.16. Norgaard argues, however, that Minn. Stat. § 634.16 only applies if the test was administered by a user "fully trained ... pursuant to training given or approved by the commissioner of public safety." Officer Schmitz testified that he was trained to use the DataMaster "approximately two years ago" and is a "certified DataMaster operator." Additionally, the DataMaster results list Officer Schmitz as the "operator" and provide his "Certificate Number." The term "certified operator" is a term of art defined by the commissioner of public safety's regulations as a "person who has completed a specialized training program in the administration of a breath test using an approved breath test instrument and been issued a certification number by the commissioner." Minn. R. 7502.0100, subp. 2b (2015). The district court therefore did not abuse its discretion in admitting the breath-test results.

## DECISION

The district court did not abuse its discretion in admitting evidence of the Data-Master breath-test results.

**Affirmed.**